UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEPHANIE SCHWEIZER, *et al*, §
§
    Plaintiffs, §
VS. § CIVIL ACTION NO. 4:16-CV-00582
§
CANON INC., *et al*, §
§
    Defendants. §

## OPINION AND ORDER

Pending before the Court in the above-referenced *qui tam* cause is Defendant Canon USA, Inc.'s ("Canon") Motion to Dismiss Relator's Amended Complaint and/or Motion for Summary Judgment, Doc. 9, Canon's Memorandum of Law in Support, Doc. 10, and Relator's, Stephanie Schweizer ("Schweizer"), Response, Doc. 12. Also pending before the Court is Schweizer's Motion for Leave to File Second Amended Complaint ("SAC"), Doc. 13, Canon's Response, Doc. 15, and Schweizer's Reply, Doc. 16. Having considered the Motions, the facts in the record, and the applicable law, the Court concludes that Schweizer's Motion for Leave to File its SAC should be granted, Canon's Motion to Dismiss should be denied as moot, and that Canon's subsequent Motion to Dismiss will be considered against the SAC, in a subsequent opinion, without the necessity of additional briefing.

Here, as alleged in Schweizer's First Amended Complaint ("FAC"), filed on November 15, 2016, Canon, Inc. purchased Océ North America, Inc. ("Océ"), novating certain General Services Administration ("GSA") contracts and acquiring additional GSA contracts to sell "printers, copiers, and related services to the United States Government." Doc. 5 at 6–7. Prior to the purchase, Schweizer monitored Océ's compliance with the GSA contracts, noticed that the Government was "overpaying for copiers and services," when it was supposed to get "the

discounted price." *Id*. at 3–4. In a prior *qui tam* action, the Government reached a settlement. *Id*. Since the settlement, however, Schweizer alleges that Canon "has never done anything to rectify the problem," and "contracts continue as before." *Id*. at 5. Additionally, Schweizer alleges that Canon Business Solutions, Inc., a wholly owned subsidiary of Canon, Inc., sells "printing products" to the Government that were "manufactured in non-designated countries." *Id*. Thus, Schweizer asserts claims under the False Claims Act, 31 U.S.C. §3729(a)(1)–(3), for failure to offer the Government the "best value or price" as required under the contract, and for delivering products manufactured in non-designated countries in violation of the "Trade Agreement Act," presumably 19 U.S.C. § 2101, *et seq. Id*. at 13–14. In sum, Schweizer asserts that Canon undertook these pre-existing or newly acquired contracts, knew about Océ's violations from the prior lawsuit and settlement, but continued to engage in the same kind of fraud.

On January 27, 2017, Canon filed its Motion to Dismiss, alleging that Schweizer's claims were barred as "a cut-and-paste repeat of the 2006 complaint which relies on the same allegations and legal theories"; consists solely of "conclusory allegations" under Rules 12(b)(6) and 9(b); and does not establish that "venue is proper in this district." Doc. 9 at 3–4. And on February 17, 2017, Schweizer filed her Response, Doc. 12, and her Motion for Leave to File her Second Amended Complaint. Doc. 13.

### I. Motion to Amend

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (unpublished). Rule 15(a) allows a party to amend its pleadings once as a matter of course within 21 days of serving it or, 21 days after service of a

motion under Rule 12(b). FED. R. CIV. P. 15(a)(1).

Here, Schweizer filed her Motion for Leave within 21 days of Canon's Motion to Dismiss. Because the rule explicitly allows a timely amendment to a 12(b) motion, the Court holds that Schweizer's filing is timely and should be granted. Accordingly, the Court hereby

**GRANTS** Schweizer's Motion for Leave to File her Second Amended Complaint, along with its referenced attachments. Doc. 13.

## II. Motion to Dismiss

Within her SAC, Schweizer provides additional venue and background facts, and a slightly different statutory basis for her claims. As to venue, Schweizer alleges the addresses of all Defendants in support of venue. Doc. 13-1 at 1–2. Schweizer next alleges the details of her background, GSA contract requirements, later modifications of those contracts, and the origin of Canon's component parts. *Id*. at 3–7. Schweizer re-asserts the Pricing and Trade Agreement Fraud, but provides more detailed examples, distinguished the alleged Canon's management fraud from Océ's rogue sales personnel fraud, and asserts these frauds as violations of 31 U.S.C. §3729(a)(1)(A)–(C). *Id*. at 8–17.

Other Texas federal courts have held that a pending Rule 12(b)(6) becomes moot when a plaintiff files an amended complaint that makes substantive changes, such as "new causes of action" and "more specific facts." *Maxim Integrated Products, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. SA-14-CV-1030-XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) (collecting cases). But if deficiencies persist from one complaint to another, then the motion to dismiss should not be denied as moot. *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). In such a situation, the court should instead apply the motion to dismiss to the

amended complaint. *Id.* (citing *Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996); *Sunset Fin. Resources, Inc. v. Redevelopment Grp. V, LLC*, 417 F. Supp. 2d 632, 642 n.15 (D.N.J. 2006)).

Here, the SAC adds additional facts. The SAC shifts the statutory basis from 31 U.S.C. §3729(a)(1)–(3) to §3729(a)(1)(A)–(C), which is not a significant shift. The SAC adds party addresses, contract and manufacturing details, and more specific examples of alleged statutory violations. Thus, the SAC moots the Canon's initial Motion to Dismiss. *Compare Maxim Integrated Products*, 2015 WL 10990119, at *1 *with Mora*, 2007 WL 120006, at *2. Canon should be allowed to file a Motion to Dismiss in response to the SAC. FED. R. CIV. P. 12.

Canon's Consolidated Reply In Support of Motion to Dismiss asserts that the SAC does not cure all of the issues raised in Cannon's Motion to Dismiss. Doc. 15.[1] Having granted the filing of the SAC, the Court will consider this response as a new Motion to Dismiss as against the SAC. And the Court will also consider Schweizer's Reply to that Motion because it directly addresses all points raised in the Motion. Doc. 16. Accordingly, the Court hereby

**ORDERS** that Packer Plus's Motion to Dismiss, Doc. 9 is **MOOT**.

Having granted the filing of Schweizer's SAC, the Court will also consider Canon's Motion to Dismiss, Doc. 15, against it, once Schweizer has filed the attachments referenced in the SAC. Accordingly, the Court hereby

---

[1] Canon's Motion for Leave to File Consolidated Reply in Support of Motion to Dismiss/Motion for Summary Judgment and Opposition to Relator's Motion for Leave to File a Second Amended Qui Tam Complaint was previously granted. Doc. 17.

**ORDERS** that Schweizer has 14 days from the date of the entry of this order to provide the exhibits listed in the SAC.

SIGNED at Houston, Texas, this 29th day of March, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE