United States District Court
Southern District of Texas

**ENTERED**

August 15, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. STEPHANIE SCHWEIZER, | § § § | |
| Plaintiff-Relator, | § § | |
| V. | § § | CIVIL ACTION NO. H-16-0582 |
| CANON, INC., CANON USA, INC., and CANON BUSINESS SOLUTIONS INC., et al., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge for all further pretrial proceedings is Defendant Canon USA, Inc.'s Motion for Summary Judgment (Document No. 59). In that motion, Defendant maintains that summary judgment is warranted on Plaintiff-Relator's False Claims Act claims on the basis that those claims are barred and/or precluded by the public disclosure bar in 31 U.S.C. § 3730(e)(4) and the government action bar in 31 U.S.C. § 3730(e)(3). Having considered the motion, Plaintiff-Relator Stephanie Schweizer's Response in Opposition (Document No. 61), and the summary judgment evidence, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 59) be GRANTED.

## I.    Background and Procedural History

This is a *qui tam*[1] case based on allegations that Canon, Inc., *et al.* overcharged the

---

[1] "'Qui tam'" is the abbreviated version of the phrase 'qui tam pro domino rege quam pro si ipso in hac parte sequitur,' which, literally translated, means he 'who sues on behalf of the

Government for copiers and services, and provided copiers that were manufactured in non-designated countries. Canon USA, Inc. ("Canon") appeared[2] and filed a Motion to Dismiss. The Motion to Dismiss was denied as moot based on the leave granted to Plaintiff to file an Amended Complaint. Upon the filing of Plaintiff's "Second Amended Qui Tam Complaint" (Document No. 19), Canon filed a second Motion to Dismiss. In an Order entered on October 22, 2018, the District Court determined that the issues raised in Canon's second Motion to Dismiss should more properly be considered in a summary judgment context (Document No. 58). Canon, thereafter, filed a Motion for Summary Judgment, seeking dismissal of Plaintiff-Relator Stephanie Schweizer's False Claims Act claims on the basis that such claims are precluded by the public disclosure bar and/or the government action bar in the False Claims Act, 31 U.S.C. § 3730(e)(3), (e)(4). Schweizer has filed a response to that Motion for Summary Judgment, but the Government, which has not intervened in the case but did file a "Statement of Interest" (Document No. 37) in response to Canon's First Motion to Dismiss, has not.

---

King as well as for himself.'" *U.S. ex rel. Stone v. AmWest Sav. Ass'n*, 999 F. Supp. 852, 855 (N.D. Tex. 1997). In a *qui tam* action brought under the False Claims Act, "private parties (known as relators) [ ] seek recovery from persons who make false or fraudulent payment claims to the Federal Government." *State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436, 437, 196 L. Ed. 2d 340 (2016).

[2] Canon USA, Inc. has been served and has appeared. As for the other defendants named in the Second Amended Qui Tam Complaint (Document No. 19) – Canon Inc. and Canon Business Solutions, Inc. – there is no evidence in the record that they have been served. While Plaintiff-Relator Schweizer states in the Second Amended Qui Tam Complaint that Defendants Canon, Inc and Canon Business Solutions, Inc. have "previously made an appearance in this suit," nothing in the Court's record supports that statement.

2

## II.   Summary Judgment Standard

Whether the public disclosure bar and/or the government action bar is to be determined in this case in a summary judgment context. *See* Order entered on October 22, 2018 (Document No. 58); *see also U.S. ex. rel. Thomas v. St. Joseph Hospice, LLC*, Civil Action No. 2:16-CV-143-KS-MTP, 2019 WL 1271019 (S.D. Miss. March 19, 2019) (considering public disclosure bar in a summary judgment context); *U.S. ex. rel. Jamison v. McKesson Corp.*, No. 2:08CV214-SA-DAS, 2010 WL 1276712 (S.D. Miss. Mar. 25, 2010) (considering public disclosure bar in a summary judgment context), *aff'd*, 649 F.3d 322 (5th Cir. 2011).

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there exists no genuine issue of material fact. *Brandon v. Sage Corp.*, 808 F.3d 266, 269—70 (5th Cir. 2015) (citing *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986)). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[3] A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not

---

[3] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marin Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).

suffice. *Celotex*, 106 S. Ct. at 2548. Instead, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Brandon*, 808 F.3d at 270 (quoting *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006)).

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). "If the record, viewed in the light most favorable to non-movant, could not lead a rational trier of fact to decide in non-movant's favor, summary judgment is appropriate." *Allen v. Radio One of Texas II, LLC*, 515 Fed. Appx 295, 299 (5th Cir. 2013) (citing *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Kelley*, 992 F.2d at 1413. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2513 (1986).

## III.   False Claims Act

"The False Claims Act permits a private person, known as a relator, to bring a *qui tam* civil action 'in the name of the [Federal] Government,' 31 U.S.C. § 3730(b), against 'any person' who 'knowingly presents ... a false or fraudulent claim for payment' to the Government or to certain third parties acting on the Government's behalf." *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507 (2019). Liability is provided for in 31 U.S.C. § 3729(a)(1), against any person who:

4

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

(D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

(E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government[.]

While 31 U.S.C. § 3730(b) allows False Claims Act claims to be brought by private persons on behalf of themselves and the Government, there are limitations on the types of actions that can be brought. 31 U.S.C. § 3730(e) provides in this regard as follows:

(1) No court shall have jurisdiction over an action brought by a former or present member of the armed forces under subsection (b) of this section against a member of the armed forces arising out of such person's service in the armed forces.

(2)(A) No court shall have jurisdiction over an action brought under subsection (b) against a Member of Congress, a member of the judiciary, or a senior executive branch official if the action is based on evidence or information known to the Government when the action was brought.

(B) For purposes of this paragraph, "senior executive branch official" means any officer or employee listed in paragraphs (1) through (8) of section 101(f) of the Ethics in Government Act of 1978 (5 U.S.C. App.).

(3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

(4)(A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed--
(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
(ii) in a congressional, Government, Accountability Office, or other Federal report, hearing, audit, or investigation; or
(iii) from the news media,
unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

The limitation on *qui tam* actions under § 3730(e)(3) is known as the government action bar, and the limitation in § 3730(e)(4) is known as the public disclosure bar. Those are the statutory limitations relied upon by Canon in its Motion for Summary Judgment.

The government action bar in § 3730(e)(3), which the Fifth Circuit has considered to be jurisdictional in nature, applies where the Government is, or has been, a party to a proceeding that was based upon the same allegations or transactions. Whether the government action bar applies is "most sensibly analyzed by asking 1) whether the allegations and transactions in this case are already being or have been litigated; 2) whether that litigation is or was in a civil suit or administrative civil money penalty proceeding; and 3) whether the government was a party in the earlier case." *Taul ex rel. United States v. Nagel Enterprises, Inc.*, No. 2:14-CV-0061-VEH, 2016 WL 304581, at *4 (N.D. Ala. Jan. 25, 2016). The purpose of the government action bar is to prevent "piggy-back" lawsuits. *U.S. ex. rel. Stone v. AmWest Sav. Ass'n,* 999 F.Supp. 852, 855 (N.D. Tex. 1997);

The public disclosure bar in § 3730(e)(4), which is not jurisdictional but which restricts a

6

plaintiff-relator's ability to seek relief, *see Abbott v. BP Expl. & Prod., Inc.*, 851 F.3d 384, 387 (5th Cir. 2017) ("We agree with our sister circuits that the public disclosure bar is no longer jurisdictional."), applies where the allegations of fraud have been "publicly disclosed" and the plaintiff-relator is not the "original source" of the factual information upon which the False Claims Act claims are based. *U.S. ex. rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 377 (5th Cir. 2009). In the Fifth Circuit, a three step inquiry is made to determine whether the public disclosure bar applies. *U.S. ex. rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 327 (5th Cir. 2011). First, it must be determined "whether there has been a 'public disclosure' of allegations or transactions. *Id.* If there has been such a public disclosure, it must next be determined "whether the qui tam action is 'based upon' such publicly disclosed allegations." *Id.* Finally, it must be determined whether the plaintiff-relator is "the 'original source' of the information." *United States ex rel Solomon v. Lockheed Martin Corp.*, 878 F.3d 139, 143 (5th Cir. 2017) (quoting *Jamison*, 649 F.3d at 327 (citation omitted). The public disclosure bar is designed to strike balance between the "competing interests of encouraging whistleblowing while preventing "parasitic" suits." *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 373 (5th Cir. 2017)

## IV.     Discussion

Two issues are presented by Canon's Motion for Summary Judgment – whether Schweizer's False Claims Act claims are barred/precluded by the public disclosure bar in § 3730(e)(4) and whether her False Claims Act claims are barred/precluded by the government action bar in § 3730(e)(3). Those two issues relate, almost entirely, to the previous, 2006 *qui tam* action filed by Schweizer against Oce North America, Inc., a company that provided copiers and related services

7

to the Government before it was acquired by Canon in 2012. That *qui tam* lawsuit, referred to herein as a "the Oce action," was ultimately concluded in 2013 upon the District Court's determination that the Government's settlement of the False Claims Act claims in the Oce action was fair, adequate and reasonable under all the circumstances (Document No. 60-3), as well as Schweizer's settlement, in 2012, of all of her claims. Because the public disclosure bar in § 3730(e)(4) applies even when the disclosure is made by a Plaintiff-Relator in another lawsuit, and because the Government was a party to the Oce action when it intervened for purposes of settling some, but not all, of the claims alleged, the Magistrate Judge concludes, for the reasons that follow, that the False Claims Act claims alleged by Plaintiff-Relator herein against Canon are based on, and have their genesis in, the substantially similar claims Plaintiff-Relator alleged in the Oce action, and are, consequently, precluded by both the government action and the public disclosure bar in § 3730(e)(3), (4). In making this determination, the timing of Plaintiff-Relator's claims and allegations is important.

Schweizer was employed by Oce for approximately thirteen months – from November 2004 to December 2005. In April 2006, after her employment was terminated, Schweizer filed suit against Oce, alleging claims on behalf of the Government under the False Claims Act, and a claim in her individual capacity for wrongful discharge under the False Claims Act. The Government did not intervene in that action *per se*, but did participate in the Oce action by reaching a settlement with Oce in 2009. Schweizer objected to the settlement, successfully appealed the District Court's approval of the Government's settlement with Oce, *see United States v. Schweizer*, 677 F.3d 1228 (D.C. Cir. 2012),[4] and ultimately settled her claims against Oce in 2012. *See* Second Amended Qui Tam

---

[4] On appeal in the Oce action, Schweizer complained about the District Court's approval of the Government's settlement with Oce without having conducted a fairness hearing.

Complaint (Document No. 19) at 8 ("In 2012 Relator agreed to settle the [Oce action] and dropped the case on the eve of trial and the docket list reflects the parties reached a settlement"). The Oce action was concluded and closed in 2013 following the District Court's determination that the Government's settlement of the False Claims Act claims against Oce was fair.

Prior to the Oce action becoming final, Oce was acquired by Canon. That acquisition occurred in 2012. Schweizer filed this lawsuit in January of 2016, alleging claims against Cannon based on conduct that occurred between January 2010, and January 2016 – both before and after Canon acquired Oce. That means, in essence, that Schweizer's claims are based on conduct of Cannon after its acquisition of Oce, and conduct of Oce prior to its acquisition by Canon.

To determine whether the Oce action gives rise to the government action bar and/or the public disclosure bar, a comparison must be made of the allegations in this case and the allegations in the Oce case. Here, Schweizer asserts two "counts" against Cannon under the False Claims Act, alleging commercial pricing fraud and trade agreement fraud in relation to two General Services Administration contracts: GSA Contract GS-25F-0060-M/GSA ("60M"), which was in effect from 1996-2016, and to which Canon was novated in 2014; and GSA Contract GS 00F 002V/GSA ("2V"), which was in effect from January 2009-January 2019.[5] Schweizer alleges in her Second Amended *Qui Tam* Complaint that while the Government was supposed to get "the lowest and best price," previously "Oce, now Canon, was routinely giving non-government customers substantially better prices for the same products and creating false documents in an attempt to hide this from a

---

[5] Schweizer makes reference in this case to two other GSA contracts – GSA Contract GS 35F 5275H/GSA ("5275H") and GSA Contract GS 03F 045DA/GSA ("046DA") – but does not specifically tie either of those contracts to her claim(s) and does not differentiate those contracts from the contracts primarily made the basis of both this case and the Oce action.

government audit." (Document No. 19 at 10). Schweizer also alleges that "[t]he products sold by Canon to the Government are either comprised completely of components made in non-designated countries and later assembled in a designated country or they were completely manufactured and assembled in non-designated countries." *Id.* at 12.

In the Oce action, Schweizer asserted essentially the same two counts against Oce under the False Claims Act – that Oce sold to the Government products and component parts that were made in non-designated countries (Document No. 60-2 at 9), and that Oce did not provide the Government the best price or value given the disparity in prices as between the Government and Oce's non-government customers (Document No. 60-2 at 14). Schweizer also relied upon, in the Oce action, one of the same GSA contracts, "60M," made the basis of this case. In essence, the claims asserted by Schweizer against Oce in the Oce action, and the claims asserted by Schweizer against Canon herein, are the same, with Schweizer asserting (and not disputing) that her claims against Canon are based on the same conduct as her claims against Oce, and that Canon merely continued Oce's fraudulent claims practices following its acquisition of Oce in 2012.

## A.    Government Action Bar

The government action bar provision in the False Claims Act, 31 U.S.C. § 3730(e)(4) is a jurisdictional bar to a *qui tam* case that is based upon allegations or transactions which are the subject matter of a civil suit or an administrative civil penalty proceeding in which the Government is already a party. *See Little v. Shell Expl. & Prod. Co.*, 690 F.3d 282, 287 (5th Cir. 2012) (describing § 3730(e) as enumerating "statutory limits on jurisdiction"). Because the government

action bar has been considered jurisdictional,[6] it will, notwithstanding the fact that Canon devotes most of its Motion for Summary Judgment to the public disclosure bar, be considered first.

For the government action bar to apply to this case, two determinations must be made: (1) that the current action is "based upon" the same allegations or transactions as the Oce action; and (2) that the government was a party to the Oce action. 31 U.S.C. § 3730(e)(3); *United States v. Coloplast Corp.*, 327 F.Supp.3d 358, 362 (D. Mass. 2018). A current action can be said to be "based upon" the same allegations and transactions as another suit or proceeding where "'the allegation of fraud or the critical elements of the fraudulent transaction themselves' are the subject of a governmental civil action." *U.S. ex rel. Absher v. Momence Meadows Nursing Ctr., Inc.*, 764 F.3d 699, 708 (7th Cir. 2014). In determining whether the government action bar applies, and whether the current action is based upon the allegations and transactions in another proceeding, the court is to examine the relationship between the current case and the prior case to determine if the current case "receives support from the earlier case without giving the government any useful return." *Stone*, 999 F.Supp. at 855.

Here, Schweizer argues that the government action bar does not apply because this case is not "based upon" the allegations and transactions in the Oce action. Schweizer also argues that the government action bar does not apply because it only applies "when the government is a party to a

---

[6] Although the Fifth Circuit has described the bars in § 3730(e) as "jurisdictional," some courts in other jurisdictions have questioned whether the government action bar is a jurisdictional bar. *See e.g., U.S. ex rel. Absher v. Momence Meadows Nursing Ctr., Inc.*, 764 F.3d 699, 706 (7th Cir. 2014) ("it is not clear that § 3730(e)(3) imposes a true jurisdictional limitation"). That issue has not been addressed by the parties to this case or by any Court in this Circuit.

11

live case" and the Oce case was over by the time this case was filed.[7] Schweizer Response (Document No. 61) at 16. Schweizer's second argument, that the Government needs to be a current party to a current case for the government action bar to apply, has no merit. As stated by the Ninth Circuit in *U.S. ex. rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011, 1019 (9th Cir. 2017), "for purposes of § 3730(e)(3) the Government 'is a party' to lawsuits which have concluded." In addition, even though the Government only participated in the Oce action for purposes of reaching a settlement, it is considered to have been a party to the entire case. *See United States v. Medtronic, Inc.*, 327 F. Supp. 3d 831, 845 (E.D. Pa. 2018) ("When the government intervenes in a *qui tam* FCA case, the government becomes a party to the *entire* case, even if it is only pursuing some of the claims."); *see also* Government's Statement of Interest (Document No. 37) at 3 ("It is true that the government *was* a party in *Oce*.").

As for Schweizer's argument that this case is not "based upon" the same allegations and transactions as were at issue in the Oce action because Canon was not a party to those fraud allegations in the Oce action, and because the fraud alleged in this case post-dates, by several years, the fraud alleged in the Oce action, the Magistrate Judge concludes, for the reasons that follow, that the fraud alleged in this case is substantially similar to the fraud alleged in the Oce case, and that this case "receives support from the earlier [Oce action] without giving the government any useful return." *Stone*, 999 F.Supp. at 855. Here, Schweizer alleges the exact same type of fraudulent scheme as was at issue in the Oce action, involving the same copier products and services under the same GSA contract. Schweizer also alleges that the fraud occurred between January 2010 and

---

[7] The Government also advanced this argument in a previously filed "Statement of Interest" (Document No. 37), but did not re-new that argument and has not filed a response to Canon's Motion for Summary Judgment.

January 2016, both before and after Oce was acquired by Canon, and before and after the Oce action was finally concluded. Given the overlapping time-frames, as well as the overlap in the allegedly culpable actors, this case is "substantially similar" to the Oce action. That substantial similarity, coupled with the Government's involvement in the Oce action – even for merely settlement purposes – implicates the government action bar and warrants dismissal.

### B.   Public Disclosure Bar

The public disclosure bar is also implicated. Where, as here, the public disclosure bar has been asserted, it is for the defendants to "first point to documents plausibly containing allegations or transactions on which [the plaintiff-relator's] complaint is based. Then, to survive summary judgment, [the plaintiff-relator] must produce evidence sufficient to show that there is a genuine issue of material fact as to whether his [or her] action was based on those public disclosures." *Jamison*, 649 F.3d at 327.[8] Once it has been determined that a qui tam action is "based upon" public disclosures, the case can only proceed if the plaintiff-relator can show that he (or she) is an "original source" of the of the information upon which the qui tam case is based. The plaintiff-relator's burden at this stage is "to show that there is a genuine issue of material fact" as to whether he is an original source for the allegations in the qui tam complaint. *Colquitt*, 858 at 373.

---

[8] In *Jamison*, the public disclosure bar in the False Claims Act was considered to be jurisdictional. Since then, the Fifth Circuit has agreed with several other Circuits to consider the issue that the public disclosure bar, which was amended in 2010, is no longer jurisdictional in nature. *Abbott*, 851 F.3d at 387 n.2. But, because there has been no change made by the Fifth Circuit to the standard of review under § 3730(e)(3) it articulated in *Jamison*, or the parties' respective burdens of proof, the undersigned will utilize the burden of proof set forth in *Jamison*. *See United States ex rel. Thomas v. St. Joseph Hospice, LLC*, No. 2:16-CV-143-KS-MTP, 2019 WL 1271019, at *2, n.4 (S.D. Miss. Mar. 19, 2019) ("absent further clarification of the amendment's practical implications, the Court will assume that the applicable standard of review and burdens of proof remain the same").

Here, for the reasons set forth below, the Magistrate Judge concludes that the summary judgment evidence, taken in a light most favorable to Plaintiff-Relator Schweizer, does not raise a genuine issue of material fact on whether this *qui tam* action is based upon the public disclosures attendant to the Oce action, and also does not raise a genuine issue of material fact on whether Schweizer is the "original source" of the allegations in this case against Canon.

First, the summary judgment evidence shows that the allegations of fraud related to the Government's purchase of copiers and services were publicly disclosed in the Oce action and the media reports associated therewith. *See* Document Nos. 60-2 to 60-5. "'Any information disclosed through civil litigation and on file with the clerk's office should be considered a public disclosure of allegations in a civil hearing for purposes of § 3730(e)(4)(A)' and '[t]his includes civil complaints.'" *U.S. ex. rel. Reagan v. East Texas Medical Center Regional Healthcare System,* 384 F.3d 168, 174 (5th Cir. 2004) (citing to *Federal Recovery Services, Inc. v. Crescent City E.M.S.*, 72 F.3d 447, 450 (5th Cir. 1995)). In addition, "[t]here is no exception for a relator's own prior public disclosures, including a lawsuit." *U.S. ex. rel. Sonnier, v. Standard Fire Ins. Co.*, 84 F.Supp.3d 575, 589 (S.D. Tex. 2015). Here, the summary judgment evidence shows that the fraudulent scheme alleged in this case was the same alleged fraudulent scheme made the basis of the Oce action, with the same products and GSA contract being referenced by Schweizer in both suits. While there may not be complete unity of allegations between the two actions, the allegations are substantially the same. Because "[i]t is not necessary for the exact allegations made in the *qui tam* case to have been made before," *U.S. ex. rel Gage v. Aviation*, No. A-12-CA-904-SS, 2014 WL 3007201 *3 (W.D. Tex. July 2, 2014), as long as the allegations were at least partly disclosed in public allegations and/or transactions, *Reagan*, 384 F.3d at 176, the first part of the public disclosure bar test has been

14

established on this summary judgment record.[9]

Second, the summary judgment evidence shows that this *qui tam* action is "based upon" allegations and transactions publicly disclosed in the Oce action. In determining whether a qui tam case is "'based upon' allegations or transactions in publicly disclosed documents. . . the public disclosures need not name particular defendants so long as they 'alerted the government to the industry-wide nature of the fraud and enabled the government to readily identify wrongdoers through an investigation.'" *Jamison*, 649 F.3d at 329; *Gage*, 2014 WL 3007201 at *3 ("The allegations in the qui tam action need not be identical for purposes of the second element of this test"). Moreover, "[t]he claims alleged in a qui tam suit are deemed "based upon" the publicly disclosed allegation when both sets of allegations are substantially the same." *Stennett v. Premier Rehabilitation, LLC*, 479 F.App'x 631, 634-35 (5th Cir. 2012).[10]  What is key to a "based upon" determination is whether the public disclosures "set the government on the trial of the fraud" that would lead to the defendants. *Jamison*, 649 F.3d at 329-330; *Gage*, at *4 (where the allegations are "certainly close enough to allow the Government to draw the same inference of fraud," the second prong of the public disclosure test is met).   Here, again, the summary judgment evidence shows that the

---

[9] Schweizer admits that the Oce action "constitutes a disclosure in the form specified by the FCA," but argues that the "allegations and transactions in this case are not 'based upon' the allegations and transactions in *Oce*." Schweizer Response to Motion for Summary Judgment (Document No. 61) at 11 n.2.

[10] With the 2010 amendments to the public disclosure bar provision in the FCA, the qui tam action must be dismissed if "substantially the same allegations or transactions . . . were publicly disclosed." Prior to those amendments, the public disclosure bar in § 3730(e)(4) looked to whether the qui tam action was "based upon" publicly disclosed transactions. While the language in the statute has changed, the effect has not because "courts considering the term 'based upon' interpreted it to mean 'substantially the same.'" *U.S. ex. rel. Hendrickson v. Bank of America, N.A.*, 343 F.Supp.3d 610, 623 (N.D. Tex. 2018).

allegations in this case are "substantially the same" as the allegations in the Oce case. Schweizer essentially admitted as much in a Declaration she submitted in this case in support of the claims and allegations set forth in her Second Amended Qui Tam Complaint. *See* Schweizer Declaration (Document No. 30) at ¶ 8 ("After dropping my case [the Oce action], Canon has continued to harass me in my pursuit of all employment over the years. Canon's continued harassment is one of the reasons I brought this suit. At the end of 2014 I found out Canon made comments to my then new employer. At that point, I began looking into the previous GSA Contracts I has worked on at Oce and sued Oce for. I discovered that Canon had novated the GSA Contracts and based on my knowledge, I knew Canon had continued and redeveloped the pricing fraud complained of in my prior qui tam suit on a much larger and grander scale."). While Schweizer does argue that this case should not be considered to be "based upon" allegations in the Oce action because Canon was not a party to that case and was not identified in any allegations in the Oce case, there does not need to be complete unity of allegations, parties or time-frame for the allegations in this case to be based upon the publicly disclosed allegations in the Oce case. *See U.S. ex. rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503 514-515 (6th Cir. 2009) (where the primary focus of the fraud allegations in a qui tam case were contained in a prior lawsuit, the qui tam action was "based on" public disclosures notwithstanding the additional detail provided about the fraud or the inclusion of different or additional defendants); *Sonnier*, 84 F.Supp.3d at 590 (determining that the qui tam case was "based upon" prior public disclosure where the same type of fraud allegations had been included in a previously dismissed lawsuit against many, but not all, of the same companies); *U.S. ex. rel. Hirt v. Walgreen Co.*, No. 3:13-cv-00870, 2016 WL 1367182 *3 (M.D. Tenn. Apr. 4, 2016) (rejecting argument that continued fraudulent conduct of the same nature could except a qui tam case from the

16

public disclosure bar in § 3730(e)(4));  *U.S. ex. rel. Judd v. Quest Diagnostics, Inc.*, Civ. No. 10-4914(KM), 2014 WL 2435659 *8 (D. N.J. May 30, 2014) ("courts have 'reject[ed] the contention that a 'time, place and manner distinction is sufficient to escape the force of the public disclosure bar' . . . Indeed, time, place and manner allegations do not, in themselves, constitute the essential elements of a fraudulent scheme.").  All there need be is sufficient evidence in the record, when comparing the allegations of fraud in the qui tam case with the contents of the identified public disclosures, that an inference of fraud *could* have been made from the public disclosures.  *Solomon*, 878 F.3d at 146.

Here, the allegations are that Canon, following its acquisition of Oce, engaged in the exact same type of conduct alleged against Oce in the Oce action, under one of the same GSA contracts, which was merely novated to identify Canon in place of Oce.  Because there are no allegations that Canon did anything new or materially different than Oce, and because an inference could have been made that Canon continued the allegedly fraudulent conduct alleged in the Oce action following its acquisition of Oce, Schweizer has not raised a genuine issue of material fact on whether the allegations in this case were "based upon" the publicly disclosed allegations and transactions in the Oce action.[11]

---

[11] Schweizer cites to and relies upon two cases in her Response to Canon's Motion for Summary Judgment for her argument that the difference in defendants, and time-periods over which the fraud was alleged to have been committed, weighs against an application of the public disclosure bar.  But neither *U.S. ex. rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905 (6th Cir. 2017) nor *U.S. ex. rel. Heath v. AT&T, Inc.*, 791 F.3d 112 (D.C. Cir. 2015) supports Schweizer's position in this case.  In *Ibanez*, the Sixth Circuit determined that differing time periods could defeat a defendant's reliance on the public disclosure bar, but only if the "new allegations are temporally distant from the previously resolved conflict."  *Ibanez*, 874 F.3d at 919 n. 4.  Here, the fraud alleged by Schweizer in the Oce action was settled by the Government in September 2009.  Schweizer alleges in this case that Canon's fraud occurred between January 2010 and January 2016 – decidedly not temporally distant from the fraud claims in the Oce

Third, and finally, the summary judgment evidence does not show, or even raise a genuine issue of material fact on whether, Schweizer was/is an "original source" of the information upon which the allegations in this case are based. The summary judgment evidence shows that Schweizer was employed by Oce from November 2004 to December 2005. The Oce action was filed in April 2006 and was ultimately concluded in 2013. Schweizer did not work for Canon during any of the time periods at issue in this case, and has not shown that she acquired any personal knowledge of the fraud she alleges against Canon in this case. To be an original source of information requires a showing that the plaintiff-relator "has 'direct and independent knowledge of the information on which the allegations are based' and that the plaintiff-relator 'voluntarily provided the information to the Government before filing" suit. *Reagan*, 384 F.3d at 177.[12] Knowledge is direct if its "derived from the source without interruption or gained by the relator's own efforts rather than learned second-hand through the efforts of others." *Id.* "Direct knowledge contemplates knowledge obtained from actually viewing source documents, or first hand observations of the fraudulent activity that provides the grounds for the qui tam suit." *Stennett*, 479 F.App'x at 635. Knowledge is independent "if it is not derived from the public disclosure." *Reagan*, 384 F.3d at 177. Where the information upon which a plaintiff-relator's allegations are based is not "qualitiatively different" from that previously disclosed and is merely the "product and outgrowth" of publicly disclosed information," the plaintiff-relator cannot be considered an "original source." *U.S. ex rel. Fried v.*

---

action. As for *Heath*, it was the "first-to-file" rule that was at issue – not the public disclosure bar.

[12] With the 2010 amendments to the public disclosure bar, the requirement that a plaintiff-relator have "direct" knowledge was omitted in favor of the requirement that the plaintiff-relator have "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." Because Schweizer alleges fraud in this case between January 2010 and January 2016, both the pre and post 2010 amendments arguably both apply in this case.

*West Indep. Sch. Dist.*, 527 F.3d 439, 443 (5th Cir. 2008).

Here, none of the summary judgment evidence shows, suggests, or implies that Schweizer has any direct and independent knowledge of the fraud she alleges in this case *against Canon*. In addition, there is no summary judgment evidence that Schweizer, through her own efforts, "contributed new or 'qualitatively different' information from what had already been previously disclosed." *Sonnier*, 84 F.Supp.3d at 594. While Schweizer does not point to any summary judgment evidence that would raise a genuine issue of material fact on whether she could be considered an "original source" based on any direct or independent knowledge of any fraud committed by Canon, she does argue that her "original source" status arises from what she directly and independently knew about the fraud made the basis of the Oce action. Schweizer advances that argument like this:

> For her part, Schweizer does not argue that she succeeds on both the public disclosure issue and the original source requirement; her argument is in the alternative. Schweizer believes that the allegations against Canon have not been publicly disclosed because they were against a different entity (Oce) for conduct arising in a different time period. In short, the Government was not on notice of potential fraud by Canon based on the *Oce* lawsuit. But if the Court disagrees, then Schweizer qualifies as an original source because she was the source at the very center of the *Oce* lawsuit that Canon claims resulted in the public disclosure.

Schweizer's Response (Document No. 61) at 10. Schweizer's argument, whether it is made in the alternative or not, is circular and would, if accepted, allow for the type of piggyback and/or parasitic lawsuits the public disclosure bar is meant to prevent. Moreover, because Schweizer's allegations in this case "are the product and outgrowth of the public disclosures" from, and related to, the Oce action, Schweizer cannot be considered an "original source" of the allegations against Canon in this case. *See e.g., Sonnier*, 84 F.Supp.3d at 594 (finding that plaintiff-relator could not be considered

an original source where the allegations in the qui tam action were "the product and outgrowth of the public disclosures on which they are based").

## V.   Conclusion and Recommendation

Based on the foregoing, and the conclusion that the government action bar and/or the public disclosure bar preclude the False Claims Act claims Plaintiff-Relator Schweizer has alleged against Canon in this *qui tam* case, the Magistrate Judge

RECOMMENDS that Defendant Cannon USA, Inc.'s Motion for Summary Judgment (Document No. 59) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _14th_ day of August, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

20