IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u> SCHWEIZER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 4:16-cv-00582 ) ) |
| CANON USA, INC. <u>et al.</u>, | ) ) |
| Defendants. | ) ) |

**THE UNITED STATES' OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF No. 73.)**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the United States respectfully objects to the Magistrate Judge's Memorandum and Recommendation (ECF No. 73), dated August 14, 2019, as it relates to the Magistrate Judge's finding that 31 U.S.C. § 3730(e)(3) bars the above-captioned action. While the United States is not a party to this *qui tam* action brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, the government remains the real party in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933-35 (2009). As the United States' principal civil remedy for fraud on the government, the Department of Justice has a substantial interest in the correct interpretation and application of the FCA in this and similar cases.

In the Memorandum and Recommendation, the Magistrate Judge erroneously found that the FCA's so-called "government action" bar, 31 U.S.C. § 3730(e)(3), strips this Court of jurisdiction over relator's current case against Canon because she also previously filed a *qui tam* action in a different district against a different defendant for

"substantially similar" allegations, which the government settled in part. Memorandum and Recommendation, (ECF No. 73), at 13; *see also United States ex rel. Schweizer v. Océ North America, Inc. et al.*, No. 06-648 (D.D.C.). Although this action may involve the same fraudulent scheme alleged in *Océ*, relator here alleges FCA violations by Canon USA, Inc., not Océ North America, and as to different transactions, which were not covered by the release in the prior settlement.

Consistent with ordinary usage, Section 3730(e)(3) only applies when the United States "is" a party in a live civil suit in which a relator's allegations "are" the subject of the litigation. It does not apply when the United States was a party in a case, like *Océ*, that has been settled, dismissed, or tried to judgment and where new allegations by a relator, even the same one, are made against a different defendant and are not the subject of any ongoing proceeding in which the government is a party.

This plain language interpretation of the government action bar is consistent with and gives effect to the FCA's other bars on parasitic suits. The Court should therefore reject the Magistrate Judge's proposed findings and recommendation, as it relates to the government action bar. The United States takes no position on the Magistrate Judge's Memorandum and Recommendation as it relates to the FCA's public disclosure bar, 31 U.S.C § 3730(e)(4), an alternative grounds for dismissal of relator's case.

**BACKGROUND**

By way of brief summary, Defendant Canon USA, Inc. initially filed a Motion to Dismiss Relator's Amended Complaint and/or Motion for Summary Judgment as to Relator Schweizer's First Amended Complaint on January 27, 2017, which she subsequently moved to amend again. *See* ECF Nos. 9, 13. In its March 29, 2018 Order,

the Court denied Defendant's Motion as moot, but further ordered that it would consider Canon's Consolidated Opposition To Relator's Motion For Leave To File A Second Amended Complaint And Reply In Support Of Its Motion to Dismiss/Motion for Summary Judgment (ECF No. 15) as a new motion to dismiss, without the need for additional briefing. ECF No. 18. Pursuant to 28 U.S.C. § 517, the United States submitted a Statement of Interest after the Court's March 29, 2018 Order to address the correct interpretation of the FCA's government action bar. ECF No. 37. The Court ultimately denied Canon's Motion to Strike the Government's Statement of Interest,[1] ordering, "pursuant to Rule 12(D) the pending motions and responses are treated as a Motion for Summary Judgment pursuant to Rule 56." ECF No. 58 (emphasis added). The Court further granted Canon "leave to amend or supplement its filings by November 16, 2018" and leave for the Plaintiff (and the Government) to reply by December 7, 2018. *Id.* Canon filed a Motion for Summary Judgment, which as to the government action bar, raised no new issues not already addressed in the government's previous filings. ECF No. 59. Moreover, notwithstanding its grant of leave "to amend or supplement" earlier filings, the Court did not require the government (or the Parties, for that matter) to re-file to preserve arguments they had already placed in the record. *See id.*

In its August 14, 2019 Memorandum and Recommendation, the Magistrate Judge granted Defendant Canon's Motion for Summary Judgment (ECF No. 59), finding that Relator's claims "are barred/precluded" by both the FCA's public disclosure bar, 31

---

[1] On April 25, 2018, Defendant Canon filed a Motion to Strike the Government's Statement of Interest and Alternative Motion for Additional Briefing. ECF No. 39. The Court granted Canon's request for additional briefing and ordered it to file its response (ECF No. 48) and thereafter for the government to file its reply (ECF No. 51). *See* Court's July 12, 2018 Order, (ECF No. 44).

3

U.S.C. § 3730(e)(4), and the government action bar, 31 U.S.C. § 3730(e)(3). Memorandum and Recommendation, (ECF No. 73), at 20. The government files this timely objection to the Memorandum and Recommendation.

## ARGUMENT

### A. Section 3730(e)(3) Applies Only If The Government Is A Party In A Live Action.

By its terms, Section 3730(e)(3) limits its application to live FCA cases. The statute reads: "In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which *are* the subject of a civil suit or an administrative civil money penalty proceeding in which the Government *is* already a party." 31 U.S.C. § 3730(e)(3) (emphases added). As the Supreme Court has noted, verb tense must be considered when construing a statute:

> The Dictionary Act [] ascribes significance to verb tense. It provides that, "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise[,] . . . words used in the present tense include the future as well as the present." 1 U.S.C. § 1. By implication, then, the Dictionary Act instructs that the present tense generally does not include the past.

*Carr v. United States*, 560 U.S. 438, 448 (2010); *see also, e.g.*, *Nichols v. United States*, 136 S. Ct. 1113, 1118 (2016) (explaining that consistent use of the verb "reside" in the present tense meant that a person must currently reside to fall within the statute). Section 3730(e)(3) speaks only of allegations which "are" the subject of a civil case in which the government "is" a party. The government action bar therefore has no logical application where, as here, there is no other live action.

Despite this plain language, the Magistrate Judge incorrectly found that the government action bar requires dismissal of any case "based upon" a prior one where the

4

government "was" a party. ECF No. 73, at 11. But that is not what the statute says. It is true that the government *was* a party in *Océ*, and there *were* allegations in that case that Océ violated the FCA made by the same relator. Relator's allegations against Canon, however, are not the subject of the *Océ* litigation, because it is over. The instant *qui tam* alleges continuing violations, by a different defendant, of what happens to be the same contract at issue in *Oce*. These alleged violations were not resolved in the *Oce* litigation or settlement.

Read properly, the government action bar does not operate to foreclose all future liability against a defendant, no less a different defendant, for all future transactions with the United States. That is so even if the allegations arise under the same government contract and are pled by the same relator.

The Court should not adopt the contrary reasoning in *United States ex rel. Bennett v. Biotronik, Inc.*, No. 2:14-cv-02407, 2016 WL 1587215 (E.D. Cal. April 20, 2016), which the Ninth Circuit adopted in *United States ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011 (9th Cir. 2017). In *Biotronik*, the trial court rejected a plain reading of Section 3730(e)(3), held that the government action bar applies even when there is no ongoing *qui tam* lawsuit in which the government is a party, and dismissed relator's re-filed, second-in-time *qui tam* suit covering claims left unresolved by a prior government investigation and settlement. 2016 WL 1587215, at *7-8. The Ninth Circuit upheld the decision on appeal.[2] 876 F.3d at 1021. The facts of that case, however, are readily distinguishable from the facts here. The court in *Biotronik* applied the bar to a later

---

[2] Judge Siler, in dissent, would have correctly held that Section 3730(e)(3) applies only where there is another live case in which the government "is" a party, as argued by the government here. *Biotronik*, 876 F.3d at 1021-22.

5

action against the *same* defendant, Biotronik, predicated on the *same* allegedly false claims and fraudulent conduct that the United States had settled in an earlier filed action. While Relator Schweizer pleads her new action under the same government contracts and theories of liability as in *Océ*, she does so against a new defendant and for different transactions under those contracts, alleging *continuing* FCA violations not previously alleged in her earlier *qui tam* suit or resolved by the government's prior settlement. Those new claims fall squarely outside Section 3730(e)(3) and should not be barred, even under *Biotronik*.

### B. Application Of Section 3730(e)(3) Only In Live Cases Against the Same Defendant Furthers The Statute's Purpose.

The United States' reading of Section 3730(e)(3) is not only textually sound, but also consistent with the statute's goal of preventing parasitic suits by potential relators while still incentivizing them to report fraud. This also serves the FCA's broader remedial purpose to prohibit all possible tactics by which contractors might steal from the public fisc. *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). In 1986, Congress eliminated a bar on *qui tam* actions alleging facts about which the government already knew (the "government knowledge" bar) and replaced it with the government action bar, the public disclosure bar, and the first-to-file bar "to reconcile avoidance of parasitism and encouragement of legitimate citizen enforcement actions." *United States ex rel. Springfield Terminal Ry. v. Quinn*, 14 F.3d 645, 651 (1994).

Broadly, as described above, the government-action bar stops parasitic suits based on the allegations in a live civil case in which the government is already a party. The first-to-file bar stops parasitic suits based on pending *qui tams* brought by another relator. *See Kellogg Brown & Root Servs. v. United States ex rel. Carter*, 135 S. Ct. 1970, 1978

(2015). The public disclosure bar stops relators from starting actions based on information publicly disclosed in "a Federal criminal, civil, or administrative hearing in which the Government or its agent [i.e., another relator] is a party; [or] a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or [] from the news media" unless a relator is "an original source of the information." 31 U.S.C. § 3730(e)(4).

Sections 3730(e)(3) and 3730(e)(4)(A)(i) both prevent parasitic *qui tams* based on matters in which the government "is a party," but in slightly different ways and contexts. The public disclosure bar stops a parasitic *qui tam* based on substantially the "same allegations or transactions" in a case in which the government is a party, unless the relator meets the added hurdle of qualifying as an original source, that is, a relator with knowledge "independent of and materially adds to the publicly disclosed allegations." 31 U.S.C. § 3730(e)(4)(B) (as amended).

The government action bar goes further and stops a relator from bringing a civil case that overlaps with a civil case the government is "already" pursuing, regardless of whether the relator is an original source, and whether the relevant information is public. The prohibition of the government action bar merely requires that a relator's allegations and transactions be the "subject" of an active civil case in which the government is a party. This makes sense because, when the government is actually pursuing a claim or theory, it does not protect the public fisc to allow a relator to bring an overlapping case and risk a contradictory judgment. The government should be allowed to pursue its case as it sees fit, without parallel litigation. But once the government resolves a case, it would not similarly benefit the public fisc to discourage even original sources from

7

bringing cases based on allegations not resolved in a prior case. This is so even if the new conduct arises from the same contract that gave rise to an earlier matter, and especially so where a relator, even the same one, later alleges continuing violations under the same contract, but by a different defendant.

The Magistrate Judge's reading of the government action bar runs counter to this important statutory purpose in two ways. First, it would render the public disclosure bar superfluous because no relator, not even an original source, could ever pursue a civil case based on allegations in a case the government previously declined or settled in part. Public disclosure would be irrelevant. The mere existence of a prior government civil suit would stop any subsequent relator action, based on similar allegations. Yet Congress explicitly included "civil" hearings in the public disclosure bar, 31 U.S.C. § 3730(e)(4)(A)(i). Congress's measured decision to do so demonstrates that it thought the public disclosure bar was necessary, because the government action bar would not foreclose every case involving allegations from a prior case in which the government was a party.

The United States' reading of the bar as applying only to live cases where the government is a party gives full effect to the separate provisions of the government action bar and the public disclosure bar, without rendering any meaningless or superfluous. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.'" (citations omitted)); *United States v. Ven-Fuel, Inc.*, 758 F.2d 741, 751-52 (1st Cir. 1985) ("All words and provisions of statutes are intended

to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous.").[3]

Second, and more generally, a holding that relators are forever barred from bringing cases involving allegations that were very generally the subject of a prior government case is also contrary to Congress's overall purpose in adding the government action, public disclosure, and first-to-file bars in 1986. Congress eliminated the government knowledge bar, which it saw as too restrictive of the ability of private relators to bring fraud to the attention of the government and share in the recovery. *See Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 295 (2010). Canon, nonetheless, urges this Court to interpret Section 3730(e)(3) in such a way that would go even further than the old government knowledge bar. Under that view, the government would have constructive knowledge of fraud based on generally pleaded, merely topical allegations in earlier cases. Perversely, relators would be discouraged from bringing forward information about recidivist defendants, who act with actual knowledge, and the government would lose the benefit of having motivated whistleblowers with specific evidence of fraud help the government to pursue claims left unresolved by an earlier case. The government would also lose the assistance of relators in pursuing different defendants, as would result here if the Court adopts the proposed finding.

The government's reading of Section 3730(e)(3), on the other hand, gives full effect to the separate provisions of the statute while also advancing Congress's intent to

---

[3] While the Ninth Circuit also rejected similar arguments in *Biotronik*, 876 F.3d 1018-20, the United States respectfully submits that this Court should reject *Biotronik* and instead adopt the government's reading of the bar.

encourage whistleblowers to report fraud. For example, a relator may allege specific fraud by a company on a single contract, along with generalized allegations of the same conduct with respect to other contracts. The government then may decide, in the initial case, not to pursue any generalized claims concerning the other contracts. Were a second relator to come forward as an original source with better information about the other contracts, so long as the earlier action was resolved first, the FCA would not bar that second relator's action. The public disclosure bar would not apply, because the relator is an original source. And the first-to-file and government action bars would not apply because the first action was not pending at the time of the filing of the second relator's case.

The Memorandum and Recommendation would extend the government action bar to such original sources just because the government had previously been a party to a civil suit concerning the same topical allegations. Such a ruling would certainly discourage whistleblowers with new information from filing in the first instance. Contrary to the Memorandum and Recommendation's finding that there is no "useful return" from such cases, the government would lose the benefit of information that new whistleblowers may have that would make previously unresolved claims actionable, even in the instance of a recidivist defendant or a new defendant not named in the original action. *See* ECF No. 73, at 12 (relying on *United States ex rel. Stone v. AmWest Sav. Ass'n*, 999 F. Supp. 852 (N.D. Tex. 1997). The Magistrate Judge's reading of 31 U.S.C. § 3730(e)(3), if adopted, would create *de facto* immunity for recidivist defendants and defendants fortunate enough not to be named by the first relator to file suit. Such an

outcome is clearly contrary to the overall structure and purpose of the modern FCA as the government's principal civil tool in protecting the public fisc.

## CONCLUSION

For these reasons, the United States respectfully objects to the Magistrate Judge's Memorandum and Recommendation, as it relates to its finding that the government action bar strips this Court of jurisdiction over this action. The government further submits that, pursuant to Rule 72, the Court should determine *de novo* that 31 U.S.C. § 3730(e)(3), by its plain language, does not apply to allegations involving different defendants in cases settled, dismissed, or otherwise resolved by the United States, like those at issue here. Accordingly, as it relates to the government action bar, Canon's Motion should be denied.

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

RYAN K. PATRICK
United States Attorney

/s/Michelle Zingaro
MICHELLE ZINGARO
Assistant United States Attorney
1000 Louisiana St., Ste. 2300
Houston, TX  77002
Telephone: (713) 567) 9512
Email: michelle.zingaro@usdoj.gov

ANDY J. MAO
SARA MCLEAN
CHRISTOPHER G. WILSON
Attorneys, Civil Division
Post Office Box 261, Ben Franklin Station
Washington, D.C.  20044
Telephone: (614) 255-1630
Email: christopher.g.wilson@usdoj.gov

11

## CERTIFICATE OF SERVICE

I certify that on August 26, 2019, the United States' Objections to the Magistrate Judge's Report and Recommendation were filed electronically and service accomplished automatically pursuant to the Rules of Court through the Notice of Electronic Filing (NEF) issued by the Courts Electronic Case Filing (ECF) system on the following counsel of record:

Ross B. Reifel, counsel for Relator
2800 Post Oak Blvd., Suite 4100
Houston, Texas 77056

Chris Watt, counsel for Canon
Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas 77002

Tyree P. Jones, Jr., Of Counsel for Canon
Reed Smith LLP
1301 K Street
Washington, D.C. 20005-3317

/s/Michelle Zingaro