IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE SCHWEIZER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00582 |
| | § | |
| CANON INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court has before it the Magistrate Judge's Memorandum and Recommendation (Doc. No. 73) that the Court grant the Motion for Summary Judgment filed by Defendant Canon USA, Inc. (hereinafter "Canon"). (Doc. No. 59). The Plaintiff, Stephanie Schweizer, filed objections to the Memorandum and Recommendation, (Doc. No. 75), as did the Government, acting as an interested party. (Doc. No. 74). Defendant responded to these objections. (Doc. Nos. 77 & 78). Plaintiff filed a Reply. (Doc. No. 82).

### I.     Standard of Review

Objections timely filed within fourteen days of entry of the United States Magistrate Judge's memorandum and recommendation must specifically identify the findings and recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Findings by the Magistrate Judge to which a party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). Consequently, the Court considers these matters *de novo*. The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Whether the public disclosure bar precludes a relator from bringing a *qui tam* action is determined in the summary judgment context. *See U.S. ex rel. Colquitt v. Abbott Labs.*, 858 F.3d

365, 373 (5th Cir. 2017). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 477 U.S. at 324.

## II. Statement of Facts

The Magistrate Judge's Memorandum and Recommendation sets out a detailed factual history. (Doc. No. 73 at 7–10). The Court includes here only a brief restatement of the pertinent facts. Plaintiff is a relator bringing this *qui tam* action against Defendant Canon alleging Defendant overcharged the Government for copiers and services and provided copiers that were manufactured in non-designated countries. Previously, in 2006, Plaintiff brought a *qui tam* suit alleging similar conduct by Océ North America, Inc. (hereinafter "Océ"). That suit (hereinafter referred to as the "*Océ* Action") settled in 2012. In that same year, Defendant Canon acquired Océ. Four years later, Plaintiff brought this suit, alleging that Defendant Canon "adopt[ed] and expand[ed] ... the fraudulent scheme originally launched by Océ." (Doc. No. 75 at 13). Defendant moved for summary judgment arguing, *inter alia*, that Plaintiff could not clear the False Claims Act's public disclosure bar and/or the government action bar.

The Magistrate Judge's Recommendation agrees with Defendant. In its discussion of the public disclosure bar, the Recommendation found first that "the allegations of fraud related to the Government's purchase of copiers and services were publicly disclosed in the Océ action and the media reports associated therewith." (Doc. No. 73 at 14). Second, the Magistrate Judge found that "summary judgment evidence show[ed] that [Plaintiff's current] *qui tam* action is 'based upon' allegations and transactions disclosed in the Océ action." *Id.* at 15. Third, the Magistrate Judge found that "the summary judgment evidence does not show, or even raise a genuine issue of material fact on whether, Schweizer was/is an original source of the information upon which the allegations in this case are based." *Id.* at 18. As the action was based upon allegations and transactions which were publicly disclosed, and Plaintiff could not show she was an original source, the Magistrate Judge recommended that summary judgment be granted in favor of the Defendant.

### III. Public Disclosure Bar

After a *de novo* review of the record, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has not brought forward evidence raising a genuine dispute exists over any material facts. Under 31 U.S.C. § 3730(e)(4)(A), a "court shall dismiss an action or claim under [the False Claims Act], unless opposed by the government,[1] if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless . . . the person bringing the action is an original source of the information." The Fifth Circuit has distilled this language governing the public disclosure bar into a three-step inquiry asking "1) whether there has been a 'public disclosure' of allegations or transactions, 2) whether the *qui tam* action is 'based upon' such publicly disclosed allegations, and 3) if so, whether the relator is the

---

[1] While the Government has objected to the Recommendation dismissing the suit under the government action bar, it has taken no position on the Recommendation's analysis under the public disclosure bar. (Doc. No. 74 at 2).

'original source' of the information." *Abbott Labs.*, 858 F.3d at 373. On the first two steps of the test, defendant bears the initial burden to "point to documents plausibly containing allegations or transactions on which [the relator's] complaint is based." *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 327 (5th Cir. 2011). The burden then shifts to the relator to "produce evidence sufficient to show that there is a genuine issue of material fact as to whether [her] action was based on those public disclosures." *Id.* The Court discusses the three *Abbott Labs* requirements below.

### A. Was There a Public Disclosure of the Alleged Fraud?

The Magistrate Judge concluded that "summary judgment evidence shows that the allegations related to the Government's purchase of copiers and services were publicly disclosed in the *Océ* Action and media reports associated therewith." (Doc. No. 73 at 14). Plaintiff objects to this characterization of her lawsuit, arguing that the "facts underlying Canon's fraud are so separate from the Océ case, that the public disclosure bar is not triggered in the first instance." (Doc. No. 75 at 19). To this end, Plaintiff argues that this suit "involves Canon's adoption and expansion of the fraudulent scheme originally launched by Océ." *Id.* at 16. Separate from the alleged factual distinction, Plaintiff argues that the *Océ* Action did not publicly disclose the fraud because (1) the suit is brought against a different company (Canon) and (2) the intervening settlement agreement "weigh[s] against applying the public disclosure bar." (Doc. No. 75 at 13).

Whatever truth there may be to the notion that Canon adopted and expanded Océ's fraudulent scheme, Plaintiff has brought forward no admissible evidence to contest Defendant's motion and consequently does not create a genuine issue of fact. Here, Defendant raised the public disclosure bar, put forward evidence of both public filings and news media documenting the *Océ* Action, and properly demonstrated the similarities between the two actions. (Doc. Nos. 60-2, -3, -4 & -5). The burden then shifted to Plaintiff to show that the allegations were not disclosed by

the *Océ* Action. Plaintiff has failed to do so. The evidence attached to Plaintiff's Response to Defendant's Motion for Summary Judgment is comprised of: a copy of the Océ settlement agreement, records showing the Texas franchise tax status of Canon USA, Océ Imagistics, and Océ North America, and a somewhat paltry affidavit containing no more than a few statements that provide evidence that may imply Plaintiff was the relator and source in the Océ action.[2] (Doc. Nos. 61-2, -3, -4, -5, & -6). None of these exhibits present facts detailing Canon's alleged fraudulent scheme or the distinctions between said scheme and the scheme at issue in the *Océ* Action, and thus, these exhibits cannot create a fact issue as to whether there has been a public disclosure of the fraud at issue here.

Plaintiff's argument that this suit is against an entirely different Defendant is equally unavailing. A defendant undergoing a mere change in corporate ownership does not provide a license for a *qui tam* Plaintiff to renew allegations against that defendant based upon prior public

---

[2] In fact, the totality of the factual portion of her affidavit in support of her response reads as follows:

1. My name is Stephanie Schweizer. I am over the age of eighteen years, I am of sound mind, and I have never been convicted of a felony or of any crime of moral turpitude. I am in all respects competent to make this declaration, I have personal knowledge of all of the facts set forth herein, and they are all true and correct.

2. I am the plaintiff/relator in the above styled suit filed against Canon, Inc., Canon USA, Inc., and Canon Business Solutions, Inc. (collectively, "Canon").

3. I was previously the plaintiff/relator in a suit styled *United States ex rel. Schweizer v. Oce North America, Inc.*, Civil No. 06-648 (RCL) (D.D.C.) against my former employer Oce North America, Inc. ("Oce"). I filed my complaint in that case on April 7, 2006. After the Government declined to intervene, the complaint was unsealed on June 2, 2008.

4. Before June 2, 2008, I formally met with the government to explain and describe the fraud that I uncovered during my employment at Oce. Present in the meeting were Richard Meyers, the GSA Auditor for Oce; Meredith Burrell and Lori Weinstein from the Department of Justice; Antigone Potomeous, the GSA General Counsel; and both of my attorneys at the time, Vincent McKnight, Jr. and David Sanford.

5. Based on my disclosures in that meeting the Government began to investigate Oce's fraud. That investigation ended by September 8, 2009, when the Government settled the False Claims Act claims against Oce.

(Doc. No. 61-6).

disclosures. While Defendant's allegation that "Canon adopt[ed] and expand[ed] ... the fraudulent scheme originally launched by Océ" may avoid the public disclosure bar, that allegation, as noted above, is completely unsupported by summary judgment evidence. (Doc. No. 73 at 16).

Finally, the Court finds Plaintiff's argument that this suit covers a different period of time to be similarly unsupported. Plaintiff cites a case from the Sixth Circuit which it believes stands for the proposition that "a prior settlement weigh[s] against applying the public disclosure bar." (Doc. No. 75 at 13) (citing *U.S. ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 919 (6th Cir. 2017)). Plaintiff cites a portion of the case stating:

> It cannot be assumed that the government is aware a fraudulent scheme continues (or was restarted) simply because it had uncovered, and then resolved, a similar scheme before. Indeed, the most logical inference to draw from defendants' agreements to cease improper promotion of Abilify is that they had done so. Thus, to the extent that relators are able to describe with particularity post-agreement, improper promotion of Abilify, the mere resemblance of those allegations to a scheme resolved years earlier is not by itself enough to trigger the public disclosure bar.

*Ibanez*, 874 F.3d at 919. Even assuming this case to be controlling,[3] Plaintiff has failed to comply with the requirement that the relator "describe with particularity post-agreement" misconduct. *See id.* Plaintiff has failed to bring forward summary judgment evidence detailing Canon's alleged fraudulent scheme and its scope to even permit the Court to draw an inference of a new or continued fraud. "Indeed, the most logical inference to draw from defendants' agreements to cease improper [conduct] is that they had done so." *Id.* Therefore, the Court agrees with the Recommendation's finding that the allegations were publicly disclosed by the *Océ* Action.

---

[3] The Court notes that at least one other federal court addressing the issue of fraud continuing beyond a prior settlement agreement held that the public disclosure bar did apply and required a showing by the plaintiff of "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions," i.e. that plaintiff was an original source. *U.S. ex rel. Booker v. Pfizer, Inc.*, 9 F.Supp.3d 34, 46–47 (D. Mass. 2014).

### B. Was Plaintiff's Current Suit "Based Upon" the *Océ* Action?

The Recommendation found that Plaintiff's allegations "were 'based upon' the publicly disclosed allegations and transactions in the *Océ* action." (Doc. No. 73 at 17). Plaintiff argues that this is incorrect, standing by her argument that "the facts underlying Canon's fraud are so separate from the *Océ* case that the public disclosure bar is not triggered in the first instance." (Doc. No. 75 at 19). Here too, Plaintiff fails to bring forward any admissible evidence to contest Defendant's motion and consequently does not create a genuine issue of fact. Defendant raised the public disclosure bar, put forward evidence of both public filings and news media documenting the Océ action, and properly alleged that the current action was based upon these disclosures. (Doc. Nos. 60-2, -3, -4 & -5). The burden then shifted to Plaintiff to raise an issue of material fact that her allegations were not based upon the *Océ* Action or the news media documenting it. Similar to the first step, Plaintiff fails to raise a genuine issue of fact on this issue, as none of the evidence even hints that this suit was based upon anything else.[4] *See* (Doc. Nos. 61-2, -3, -4, -5, & -6). Therefore, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate a genuine issue of material fact as to whether her claim is based upon information other than the allegations or transactions underlying the *Océ* Action.

### C. Does the Original Source Exception Apply?

Defendant has raised the public disclosure bar and supported its motion with evidence. That being the case, the Court must consider whether Plaintiff qualifies for the original source exception to the public disclosure bar. *Abbott Labs.*, 858 F.3d at 373. In the Recommendation, the Magistrate Judge found that "none of the summary judgment evidence shows, suggests, or

---

[4] While Plaintiff was not permitted to pursue discovery prior to responding to the present motion, (Doc. No. 66), the Court notes that Plaintiff should not have needed discovery to demonstrate her own basis of knowledge for bringing this *qui tam* action.

implies that [Plaintiff] has any direct and independent knowledge of the fraud she alleges in this case." (Doc. No. 73 at 19). Based upon the "evidence" filed in response to the summary judgment motion, the Magistrate Judge is undoubtedly correct. Interestingly, Plaintiff does not claim that she is the original source for the "separate and distinct fraudulent acts pursued by Canon after it acquired Océ." (Doc. No. 75 at 18). Instead, in her Objections she argues that she is an original source because she provided the initial public disclosure of the *Océ* allegations when she filed her complaint in that action thirteen years ago. *Id.* The Recommendation rejected this argument finding that it would "allow for the type of piggyback and/or parasitic lawsuits the public disclosure bar is meant to prevent." (Doc. No. 73 at 19).

The Court agrees with that conclusion. Plaintiff may have been an original source for the Océ action. That lawsuit was brought and resolved years ago. Nothing in the law gives Plaintiff the right to perpetually pursue the same cause of action *ad infinitum* without obtaining new "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B) (2010). To rule otherwise would be inconsistent with the public disclosure bar's purpose of balancing "competing interests encouraging whistleblowing while preventing 'parasitic' suits." *Abbott Labs.*, 858 F.3d at 373. Such a ruling does not prevent *qui tam* plaintiffs from bringing actions of fraud continuing beyond an initial settlement, it merely recognizes that to do so the plaintiff must bring new, non-public information to the table. *See Pfizer*, 9 F.Supp.3d 46–47 (adopting a similar approach).

Plaintiff concedes that she has no new evidence that is independent of and materially adds to the publicly disclosed allegations. Indeed, she admits that she "does not contend that she is an original source for the separate and distinct fraudulent acts pursued by Canon after it acquired

Océ." (Doc. No. 75 at 18). As such, no other grounds exist for Plaintiff to argue she is an original source. More importantly, she has brought no forth no evidence to raise a fact issue.

### D. Regardless of Her Position, Plaintiff's Suit is Barred

In summary, Plaintiff argues on the one hand that the claims against Canon are completely different than those in the *Océ* Action and thus the public disclosure bar is not implicated, but then argues even if it is implicated, she was the original source in the *Océ* Action. Neither avenue provides her the sanctuary she seeks. If the claims against Canon are wholly separate and apart from the *Océ* Action as Plaintiff now claims, she might avoid the "parasitic lawsuit" categorization, but her claims still fail because she provides no evidence to counteract Defendant's summary judgment motion. If she was the original source in the *Océ* Action and this *Canon* case is based upon those claims, she might prevail under an *Abbott Labs* analysis, but then would be subject to the claim that this suit falls under the forbidden category of a "parasitic lawsuit," as found by the Magistate Judge. In either event, prevailing law forecloses this action.

## IV. Government Action Bar

The Government, as well as Plaintiff, objects to the recommendation that summary judgment be granted against Plaintiff because she failed to clear the government action bar. As the foregoing discussion dismisses Plaintiff's suit, the Court does not need to reach this issue. Therefore, without commenting on its merits, the Court does not adopt the portion of the Magistrate Judge's recommendation granting summary judgment due to the government action bar.

## V. Conclusion

For the foregoing reasons, the Magistrate Judge's Memorandum and Recommendation (Doc. No. 73) is **ADOPTED IN PART**; Plaintiff's Objections (Doc. No. 75) are **OVERRULED**

**IN PART**; and Defendant's Motion for Summary Judgment (Doc. No. 60) is **GRANTED**.

**ORDERED** that Plaintiff's case is **DISMISSED WITH PREDJUCIDE**.

Signed at Houston, Texas, this 9th day of October, 2019.

Andrew S. Hanen
United States District Judge