United States District Court
Southern District of Texas
**ENTERED**
January 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHANIE SCHWEIZER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-00582 |
| § | |
| CANON INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Plaintiff-Relator Stephanie Schweizer's ("Plaintiff" or "Schweizer") Motion to Reconsider (Doc. No. 85) the Court's Order Adopting in Part the Magistrate Judge's Memorandum and Recommendation (Doc. No. 84). The Defendant, Canon, Inc. ("Canon"), filed a response. (Doc. No. 86). Plaintiff filed a Reply. (Doc. No. 87).

### I.   Statement of Facts

The Magistrate Judge's Memorandum and Recommendation sets out a detailed factual history. (Doc. No. 73 at 7–10). The Court includes here only a brief restatement of the pertinent facts. Plaintiff is a relator bringing this *qui tam* action against Defendant Canon alleging Defendant overcharged the Government for copiers and services and provided copiers that were manufactured in non-designated countries. In 2006, Plaintiff brought a *qui tam* suit alleging similar conduct by Océ North America, Inc. (hereinafter "Océ"). That suit (hereinafter referred to as the "*Océ* Action") settled in 2012. In that same year, Defendant Canon acquired Océ. Four years later, Plaintiff brought this suit, alleging that Defendant Canon "adopt[ed] and expand[ed] ... the fraudulent scheme originally launched by Océ." (Doc. No. 75 at 16) (Plaintiff's Objections to Magistrate Judge's Memorandum and Recommendations). Defendant moved for summary judgment arguing, *inter alia*, that Plaintiff could not clear the False Claims Act's public disclosure bar.

The Magistrate Judge's Recommendation agreed with Defendant. In its discussion of the public disclosure bar, the Recommendation found first that "the allegations of fraud related to the Government's purchase of copiers and services were publicly disclosed in the *Océ* Action and the media reports associated therewith." (Doc. No. 73 at 14). Second, the Magistrate Judge found that "summary judgment evidence show[ed] that [Plaintiff's current] *qui tam* action is 'based upon' allegations and transactions disclosed in the Océ action." *Id.* at 15. Third, the Magistrate Judge found that "the summary judgment evidence does not show, or even raise a genuine issue of material fact on whether, Schweizer was/is an original source of the information upon which the allegations in this case are based." *Id.* at 18. As the action was based upon allegations and transactions that were publicly disclosed, and Plaintiff could not show she was an original source, the Magistrate Judge recommended that summary judgment be granted in favor of the Defendant.

This Court agreed with the Magistrate Judge's conclusion and issued an order adopting the recommendation in part[1] and granting summary judgment. Guided by the procedural analysis laid out in the Fifth Circuit's decision in *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 327 (5th Cir. 2011), the Court found that, after Canon presented sufficient evidence to meet its burden on summary judgment, Plaintiff failed to put forward sufficient factual evidence to create a genuine issue of material fact as to whether her action was foreclosed by the public disclosure bar. (Doc. No. 84). In reaching this conclusion, the Court also found that Plaintiff was not an "original source" as that term is defined in the False Claims Act <u>for this law suit</u>. As such, the Court dismissed Plaintiff's suit with prejudice.

---

[1] As the Court granted summary judgment on the public disclosure bar, it did not reach the issue of whether Plaintiff's claim was also foreclosed by the government action bar—a claim granted by the Magistrate Judge.

## II. Discussion

Plaintiff brings a motion asking the Court to reconsider its ruling. The motion argues the Court erred because: (1) summary judgment on the public disclosure bar looks only to the allegations in the complaint; (2) the Court applied the incorrect prong of the original source exception; and (3) the Court disposed of the case due to lack of evidence despite not permitting Plaintiff to conduct discovery. The Court will take each of these arguments in turn, but first, some legal background is necessary.

Overall, Plaintiff's challenge is to whether the Court correctly applied the law relating to the public disclosure bar. Under 31 U.S.C. § 3730(e)(4)(A), a "court shall dismiss an action or claim under [the False Claims Act], unless opposed by the government,[2] if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless . . . the person bringing the action is an original source of the information." The Fifth Circuit has distilled this language governing the public disclosure bar into a three-step inquiry asking "1) whether there has been a 'public disclosure' of allegations or transactions, 2) whether the *qui tam* action is 'based upon' such publicly disclosed allegations, and 3) if so, whether the relator is the 'original source' of the information." *U.S. ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 373 (5th Cir. 2017). Whether the public disclosure bar precludes a relator from bringing a *qui tam* action is determined in the summary judgment context. *See id.*

Plaintiff's first contention is that the Court erred in applying the standard derived from the Fifth Circuit's decision in *Jamison*. In *Jamison*, the Fifth Circuit stated that, although typically a Plaintiff bears the burden of establishing jurisdiction,[3] it would be unfair to require a Plaintiff to

---

[2] While the Government objected to the Recommendation dismissing the suit under the government action bar, it took no position on the Recommendation's analysis under the public disclosure bar. (Doc. No. 74 at 2).

[3] While in *Abbott Labs.* the Fifth Circuit acknowledged that a challenge the FCA's public disclosure bar is no longer jurisdictional, it nevertheless restated the *Jamison* analysis as the touchstone for courts considering the issue. *See Abbott Labs.*, 858 F.3d at 370 n.1, 373.

prove the absence of publicly existing information. *Jamison*, 649 F.3d at 327. Therefore, on the first two steps of the *Abbott Labs* test, the defendant bears the initial burden to "point to documents plausibly containing allegations or transactions on which [the relator's] complaint is based." *Id.* Once the defendant has done so, the burden shifts to the relator to "***produce evidence*** sufficient to show that there is a genuine issue of material fact ***as to whether [her] action was based on those public disclosures.***" *Id.* (emphasis added). Plaintiff argues that the Court failed to undertake an analysis as to whether Defendants pointed to documents plausibly raising the issue of whether her allegations were based upon the prior disclosures in the *Océ* Action, "provid[ing] only a cursory statement that" Defendants had done so. (Doc. No. 85 at 10). Next, Plaintiff argues that even if the burden did shift, she created a fact issue by submitting an affidavit and the settlement agreement in the *Océ* Action.[4] Finally, Plaintiff argues that her Complaint creates a fact issue as to whether her allegations were based on the *Océ* Action

---

[4] In its previous order, the Court noted the sparse amount of evidence produced by the Plaintiff and, like here, quoted it in its entirety. Notably, the affidavit she refers to here reads as follows:

1. My name is Stephanie Schweizer. I am over the age of eighteen years, I am of sound mind, and I have never been convicted of a felony or of any crime of moral turpitude. I am in all respects competent to make this declaration, I have personal knowledge of all of the facts set forth herein, and they are all true and correct.

2. I am the plaintiff/relator in the above styled suit filed against Canon, Inc., Canon USA, Inc., and Canon Business Solutions, Inc. (collectively, "Canon").

3. I was previously the plaintiff/relator in a suit styled *United States ex rel. Schweizer v. Oce North America, Inc.*, Civil No. 06-648 (RCL) (D.D.C.) against my former employer Oce North America, Inc. ("Oce"). I filed my complaint in that case on April 7, 2006. After the Government declined to intervene, the complaint was unsealed on June 2, 2008.

4. Before June 2, 2008, I formally met with the government to explain and describe the fraud that I uncovered during my employment at Oce. Present in the meeting were Richard Meyers, the GSA Auditor for Oce; Meredith Burrell and Lori Weinstein from the Department of Justice; Antigone Potomeous, the GSA General Counsel; and both of my attorneys at the time, Vincent McKnight, Jr. and David Sanford.

5. Based on my disclosures in that meeting the Government began to investigate Oce's fraud. That investigation ended by September 8, 2009, when the Government settled the False Claims Act claims against Oce.

(Doc. No. 61-6).

None of these alleged points of error are correct. As to the Court's "cursory" analysis, the Court notes that it did not write against a blank slate. In her Recommendation, the United States Magistrate Judge undertook an extensive analysis, considering the allegations in both the complaint and the prior *Océ* Action, and found that Plaintiff's claims were based on the *Océ* Action. *See* (Doc. No. 73 at 15–17); *see also id.* at 12–13 (addressing similarities between the actions in the context of the government action bar). There was no need for this Court to repeat the extensive factual review in its order.

Nevertheless, the Defendant provided public disclosures regarding the *Océ* Action, including public filings and news media documenting the *Océ* action. (Doc. Nos. 60-2, -3, -4 & -5). Plaintiff's Second Amended Complaint is replete with references that her claims originate with, or are based on, the *Océ* Action. Indeed, she discusses at length the Océ contracts that were assumed by Canon and the prior *Océ* lawsuit. The complaint details the *Océ* settlement and the Government's refusal to pursue Canon. It states at various places:

- Previously, Océ, now Canon, was routinely giving non-government customers substantially better prices for the same products and creating false documents in an attempt to hide this from a government audit in violation of the above contractual provisions. Canon has continued this behavior as non-government customers are receiving lower pricing for the same products that the US Government is purchasing through the GSA contracts. (Doc. No. 19 at 10).

- When Canon purchased Océ, Océ had specifically represented to the Government that the products and components that it manufactured came from the Netherlands. With the GSA Contracts that were novated, Canon had to abide by the same rules and have its products manufactured in countries that are compliant with the federal trade law. But this did not occur. The products sold by Canon to the Government are either comprised completely of components made in non-designated countries and later assembled in a designated country or they were completely manufactured and assembled in non-designated countries. GSA Contract 2V, among others, proves this. *Id.* at 11–12.

- At the time of Relator's employment, she had conversations with several Océ employees who confirmed that Océ products were almost completely manufactured in China or Malaysia, neither of which are designated countries. Based on information and belief, when Canon purchased Océ, the production of

> the products either continued in the Océ facilities in China and Malaysia, or were moved to the manufacturing facilities that Canon already owned in China. *Id.* at 12.

Even after this issue arose, Plaintiffs described their suit as alleging that Canon "adopt[ed] and expand[ed] ... the fraudulent scheme originally launched by Océ." (Doc. No. 75 at 16).

*Jamison* requires a *qui tam* defendant to come forward with public documents upon which a plaintiff's complaint is based. Plaintiff's Complaint herein is clearly grounded in the *Océ* facts—consequently when Canon came forward to show that these issues had been publicly known for years, such a motion was squarely within the *Jamison* requirement. Having done that, the burden on the plaintiff (the non-movant) was to raise a fact issue as to whether her claims were based on the public disclosures. <u>In this case, she did not do that.</u> Her entire sworn evidence is quoted in footnote 4. (She also attached the *Océ* settlement with the Government). This does not raise a fact issue as to her claims against <u>Canon</u>. These pieces of evidence fail to show in any manner that the Complaint here was based upon something other than the prior disclosures. Plaintiff appears to re-hash arguments pertaining to the *Océ* Action. Plaintiff's argument is that her action cannot be based upon the *Océ* Action because that suit was brought against another party and covered a different period of time. That is without question and is, in fact, part of Plaintiff's problem. Canon claims that this suit is based upon the *Océ* disclosures and Plaintiff has not brought forth any evidence that it is not. Hence, on the state of the record, her lawsuit against one party is based upon previously disclosed information about another.[5] The Court considered and addressed these arguments in its prior Order. *See* (Doc. No. 84 at 5–6). Plaintiff has not given the Court any reason to doubt its reasoning there.

---

[5] Plaintiff may be the original source *Océ* information, and as such might be exempt from the public disclosure defense in any lawsuit pursuing Océ, but this exception does not apply to the defense in a suit against Canon.

At oral argument, Plaintiff suggested that the Court imposed too significant of a burden under the *Jamison* standard, arguing that her Complaint creates a fact issue as to whether her allegations were based on the *Océ* Action. In other words, Plaintiff argues that, even if Defendant put forward evidence demonstrating that her Complaint is based on the *Océ* Action, she is permitted to rely on her Complaint in order to create a fact issue and thus, need not put forth any competent summary judgment evidence to create a genuine issue of material fact.

Her argument ignores the very specific procedure set out in *Jamison* and the basic tenants of summary judgment law as set out in Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Fifth Circuit specifically stated that once the Defendant had raised the public disclosure defense, the Plaintiff must "produce evidence sufficient to show that there is a genuine issue of material fact as to whether his action was based on those public disclosures." *Jamison*, 649 F.3d at 327. Unverified statements in a complaint are not summary judgment evidence. WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2727.2 (4th ed) ("As is clear by Rule 56(c)'s express requirement that the nonmoving party must support its factual positions, the nonmovant cannot satisfy that burden by relying on mere allegations in the pleadings to show that there is a triable issue.").

Nevertheless, even if Plaintiff is correct about this proposition, it is unclear as to whether she would survive the public disclosure bar. Few statements in Plaintiff's Second Amended Complaint could be construed to provide the Court with a fact issue as to whether this suit involves new allegations of misconduct against Canon. Instead, they appear to simply rehash the allegations in the *Océ* action while attempting to clear the public disclosure bar due to a change in corporate defendants. The most favorable statement for Plaintiff is her allegation that she could, if needed, "present statements and affidavits from current and previous Canon sales personnel to confirm" one of her allegations. (Doc. No. 19 at 8). If produced, these could at least show she obtained some

new information against Canon that was not previously available via public records. The time to produce these affidavits was in response to the Defendant's motion. Merely saying you can get them does not count.

Plaintiff's second allegation of error similarly re-hashes arguments made in her Objections to the Magistrate's Recommendation. Plaintiff argues that even if her allegations were based on the *Océ* Action, she should survive the public disclosure bar because she was the original source of the *Océ* Action. The crux of Plaintiff's argument is that the False Claims Act defines two types of "original sources." The language of 31 U.S.C. § 3730 (e)(4)(B) provides that an original source is:

> an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

Plaintiff readily admits she does not qualify under the second definition. (Doc. No. 75 at 18) ("Schweizer does not contend that she is an original source for the separate and distinct fraudulent acts pursued by Canon after it acquired Océ."). Instead, her argument is that by bringing the original *Océ* Action she qualifies as an original source for this lawsuit against Canon under the first definition.

This argument was rejected in the Court's prior order and meets the same fate here. In the previous order, the Court noted that Plaintiff's understanding of this provision is entirely "inconsistent with the public disclosure bar's purpose of balancing 'competing interests encouraging whistleblowing while preventing 'parasitic' suits.'" (Doc. No. 84 at 8) (quoting *Abbott Labs.*, 858 F.3d at 373). First, Plaintiff concedes she is not an original source of information concerning Canon. (Doc. No. 75 at 18) ("Schweizer does not contend that she is an original source for the separate and distinct fraudulent acts pursued by Canon after it acquired Océ."). She certainly has not suggested

otherwise to this Court. Schweizer claims that she qualifies as a *qui tam* plaintiff against Canon using dated information that she possessed and disclosed years ago regarding Océ, but these claims are not even against the same entity. If adopted, Plaintiff's argument would invite fishing expeditions by prior *qui tam* plaintiffs who allege the same fraud a couple years later *ad infinitum*. These expeditions would not be based on any new, non-public information, but rather on Plaintiff's previous whistleblowing and speculation that a company (and here not even the same company) may have recidivist tendencies. The plaintiffs in such an action would no longer be whistleblowers; they would be, in the words of the Fifth Circuit, "parasites," feeding off the status they gained in their previous *qui tam* action. *Abbott Labs.*, 858 F.3d at 373. Since such a suit does not encourage whistleblowing it is plainly inconsistent with the purpose of the entire act, and thus, the Court does not find any reason that it should reconsider its previous order.

Plaintiff's third and final argument is that it was inequitable for the Court to grant summary judgment while denying her the opportunity to conduct discovery. Plaintiff's key issue with the Court's ruling is that she claims it applied the summary judgment standard more broadly than it should have, extending it to require "Schweizer to have marshalled the 'merits' evidence necessary to support her claim that 'Canon adopted and expanded Océ's fraudulent scheme.'" (Doc. No. 85 at 16). Plaintiff argues, it was error to prevent "jurisdictional" discovery while granting summary judgment.

As an initial matter, Schweizer never sought discovery on the public disclosure bar. In her motion for discovery (Doc. No. 62), "Schweizer submit[ted] that the public-disclosure-bar . . . issue[] [was] ripe for resolution at th[at] time under Rule 56." *Id.* at 2. Now, a year later and having not met her evidentiary burden, Plaintiff has changed her tune. Nevertheless, Plaintiff's failure to put forward evidence that she is the source of actual information (or acquired the information somewhere else, as opposed to relying on the previously disclosed *Océ* information and resorting to

mere speculation that Canon is acting likewise) that Canon had not been performing properly in order to raise a fact issue is not error by the Court. As stated above, the Fifth Circuit has partially alleviated the burden plaintiffs have in *qui tam* actions on the initial step of the public disclosure bar inquiry—by requiring a defendant to first prove previous disclosures of the allegations. The Defendant here did just that. The *Jamison* standard does not remove a Plaintiff's burden in its entirety. After Defendant put forward evidence of the prior disclosure in the *Océ* Action, it was incumbent upon Defendant to "***produce evidence*** sufficient to show that there is a genuine issue of material fact as to whether his action was [or was not] based on those public disclosures." *Id.* (emphasis added). Plaintiff failed to do so. She need not prove her case or provide evidence to negate the public disclosures, as the Fifth Circuit has relieved *qui tam* plaintiffs of this burden. *Id.* Nevertheless, she still needs to be a whistleblower to qualify as a *qui tam* Plaintiff. *See* 31 U.S.C. § 3730(e)(4)(A) (public disclosure bar). Relying on the evidence that was publicly disclosed previously about one company's acts (even if she was the source) plus unwarranted speculation about another does not give Schweizer standing to sue a different corporate entity. *See Jamison*, 649 F.3d at 331–32 (filing lawsuit against 450 defendants in Medicare supplier industry based on previous public disclosure of fraud within the Medicare supplier industry without evidence justifying selection of these defendants was "arbitrary" and could not pass public disclosure bar).

Further, Plaintiff's contention that the Court required full evidentiary support of the merits of her case is unfounded. She needed only enough evidence to create an issue of material fact as to the source of the information against Canon. Plaintiff could have submitted, for example, the very affidavits which she said she could get. No formal discovery would have been needed for that. If Plaintiff needs to conduct discovery to find out how she knew about Canon's alleged untoward actions, it is clear that she is not qualified to bring a *qui tam* suit. *See United States v. Planned Parenthood of Houston*, 570 F. App'x 386, 389 (5th Cir. 2014) ("The FCA's qui tam provisions seek

to encourage suits from whistleblowers with genuinely valuable information, while also discouraging opportunistic plaintiffs from filing parasitic lawsuits that merely feed off previous disclosures of fraud.") (internal citations and quotations omitted). She either knows or has access to facts about Canon's activities or she is merely guessing and wants this Court to allow her to fish in Canon's business waters until she catches something. This is not how Congress designed the *qui tam* procedures. More to the point, a challenge under the public disclosure bar is treated as a motion for summary judgment precisely because it is "*necessarily intertwined with the merits.*" *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir. 2004) (emphasis added). Any objection to a requirement that a Plaintiff actually have a good faith belief based upon some evidence supporting the merits before a lawsuit is even filed is inconsistent with Fifth Circuit law and the Rules of Civil Procedure and must be rejected.

### III. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is **DENIED**.

Signed at Houston, Texas, this 15 day of January, 2020.

Andrew S. Hanen
United States District Judge